[ECF No. 45]

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| **RIYA DEV CORPORATION,** | |
| **Plaintiff,** | |
| v. | **Civil No. 22-6415 (RMB/EAP)** |
| **AMGUARD INSURANCE COMPANY,** | |
| **Defendant.** | |

## <u>MEMORANDUM OPINION</u>

This matter comes before the Court on Plaintiff Riya Dev Corporation's application to reopen fact discovery for the limited purpose of conducting the deposition of Michael Bongrazio, an employee of the adjustment company Defendant hired to inspect Plaintiff's property damage. Defendant filed a letter brief opposing Plaintiff's application. *See* ECF No. 45. Plaintiff filed a response, *see* ECF No. 46, and Defendant filed a reply in further support of its position, *see* ECF No. 47.[1] For the reasons that follow, Plaintiff's application to reopen fact discovery is **DENIED**.

## <u>BACKGROUND</u>

On August 31, 2022, Plaintiff filed this insurance dispute in the New Jersey Superior Court asserting a breach of contract claim against Defendant for refusing to pay benefits for wind damage to its commercial property. *See* ECF No. 1-2 (Compl.) ¶¶ 9-24. On November 2, 2022, Defendant removed this action to this Court. *See* ECF No. 1. On December 7, 2022, the Court entered an

---

[1] Given the nature of the letters submitted by the parties, the Court has decided to treat the letters as a motion. On March 26, 2024, the Court notified the parties of this reclassification via Text Order. *See* ECF No. 49.

initial Scheduling Order, *see* ECF No. 8, which was amended on May 25, 2023, *see* ECF No. 21 (Am. Scheduling Order).  The Amended Scheduling Order set July 31, 2023 as the expiration of pretrial fact discovery.  *See* Am. Scheduling Order ¶ 1.

The parties then engaged in settlement efforts, which were unsuccessful.  *See* Dkt. Sheet; ECF No. 34 (Text Order).  Thereafter, the Court referred this matter to its arbitration program.  *See* ECF No. 35 (Amended Scheduling Order).  On February 29, 2024, the arbitrator filed the arbitration award.  *See* Dkt. Sheet.  That same day, Plaintiff filed a request for a trial *de novo*.[2]  *See* ECF No. 40 (Notice).

On March 12, 2024, the Court held a status conference with the parties.  *See* Dkt. Sheet. Among other things, Plaintiff asked the Court to reopen fact discovery so it could take Bongrazio's deposition.  *See* ECF No. 45 at 1.  Plaintiff asserted that reopening fact discovery was warranted because Defendant failed to formally identify Bongrazio as a person with knowledge in their initial disclosures or responses to interrogatories during the fact discovery period.  *See* ECF No. 46 at 1-2.  Upon Defendant's objection to Bongrazio's deposition, the Court granted Defendant leave to file a motion for a protective order.

On March 13, 2024, in lieu of a formal motion, Defendant filed a letter brief in opposition to Plaintiff's application more broadly objecting to reopening fact discovery.  *See* ECF No. 45. Defendant argued that Plaintiff knew about Bongrazio's involvement in the case before the close of fact discovery and therefore, Plaintiff should not be allowed "a second bite at the apple."  *See id.* at 2.  Defendant further asserts that Bongrazio's name appears "throughout" its document

---

[2]  In accordance with the Court's February 29, 2024 Text Order, *see* ECF No. 41, Plaintiff filed an amended trial *de novo* on March 5, 2024, *see* ECF No. 42.

production, which was produced to Plaintiff on January 13, 2023—nearly seven months before the close of fact discovery.  *Id.* at 1.

On March 14, 2024, Plaintiff filed a response in support of its application.  *See* ECF No. 46.  Plaintiff argues that reopening fact discovery is appropriate here because Defendant failed to supplement its Rule 26 initial disclosures and responses to interrogatories by identifying Bongrazio.  *See* ECF No. 46 at 1-2.

That same day, Defendant filed a reply in which it highlights additional evidence in support of its position.[3]  *See* ECF No. 47.  Defendant asserts that at the July 24, 2023 deposition of Mark Burns, Defendant's corporate representative, Plaintiff's counsel questioned Burns about Bongrazio.  *Id.* at 1.  In support of that assertion, Defendant provided the Court with copies of two exhibits Plaintiff's counsel marked at Burns' deposition.  *See* ECF No. 48.  The first exhibit is a copy of a January 17, 2022 email from Carol Kolasz of Raphael and Associates that identifies Bongrazio as the field adjuster assigned to Plaintiff's insurance claim.  Defense counsel represents that "the sentence naming Mr. Bongrazio is highlighted—this was done by Plaintiff's counsel to bring this sentence to Mr. Burns' attention during the deposition."  ECF No. 47 at 1; *see also* ECF No. 48.  The second marked exhibit is a March 7, 2022 report that Bongrazio authored and signed. *See* ECF No. 48-1.

In subsequent communications with the Court, Plaintiff's counsel has clarified that Plaintiff was aware of Bongrazio's involvement in the case by the time of Burns' deposition—before the close of fact discovery.  And Plaintiff's counsel does not dispute defense counsel's representations regarding what occurred at Burns' deposition.  Instead, Plaintiff alleges that Defendant's failure to

---

[3]  As a general rule, replies are not permitted on discovery motions unless a party first obtains leave of Court.  *See* L. Civ. R. 37.1(b)(3).  Nevertheless, the Court has exercised its discretion and considered Defendant's reply.

disclose Bongrazio delayed its knowledge of his involvement with Plaintiff's claim.  Having been fully briefed, this motion is now ripe for disposition.

## DISCUSSION

Rule 16(b)(4) governs modifications of a court's scheduling order.  The rule requires the party seeking relief to establish "good cause" for the modification.  Fed. R. Civ. P. 16(b)(4).  The focus of the good cause analysis is on the diligence of the party seeking the amendment.  *Nike, Inc. v. E. Ports Custom Brokers, Inc.*, No. 11-4390, 2019 WL 5206073, at *3 (D.N.J. Oct. 16, 2019).  Good cause may be established when "the deadlines set forth in the scheduling order 'cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 558 (D.N.J. 2022) (quoting *Williams v. Sullivan*, No. 08-1210, 2011 WL 2119095, at *4 (D.N.J. May 20, 2011)); *see also Bds. of Trs. of Int'l Union of Operating Eng'rs Loc. 825 Pension Fund v. Del. Valley Crane Rental, Inc.*, No. 17-8567, 2023 WL 8295224, at *2 (D.N.J. Dec. 1, 2023) (citations omitted) ("Put succinctly, absent diligence, there is no good cause.").  Good cause may also be established when the party seeking the extension demonstrates that its failure to comply with the scheduling order was "due to mistake, excusable neglect, or any other factor which might understandably account for counsel's failure to comply."  *Bds. of Trs.*, 2023 WL 8295224, at *2 (citation omitted); *Faiella*, 341 F.R.D. at 558-59 (quoting *Newton v. Dana Corp. Par. Div.*, No. 94-4958, 1995 WL 368172, at *1 (E.D. Pa. June 21, 1995)).  The burden is on the moving party to demonstrate good cause.  *Nike, Inc.*, 2019 WL 5206073, at *3 (citations omitted).

"The 'good cause' standard is not a low threshold."  *J.G. v. C.M.*, No. 11-2887, 2014 WL 1652793, at *1 (D.N.J. Apr. 23, 2014).  "Rule 16 vests the Court with broad discretion to control and manage discovery."  *Cevdet Aksut Ogullari Koll, STI v. Cavusoglu*, No. 14-3362, 2017 WL

3013257, at *4 (D.N.J. July 14, 2017) (citation omitted). "The intent and spirit of Rule 16 is to allow courts to actively manage the timetable of case preparation so as to expedite the speedy disposition of cases." *Newton v. A.C. & Sons, Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990).

Here, Plaintiff essentially argues that its delay in deposing Bongrazio is excusable. *See* ECF No. 46 at 1-2. More specifically, Plaintiff alleges that Defendant's failure to formally amend its disclosures and discovery responses in a timely manner delayed its knowledge of Bongrazio's involvement in the case. *See id.* Therefore, the good cause analysis here must focus on whether Defendant had a duty to supplement its initial disclosures and interrogatory responses with Bongrazio's name.

At the outset of litigation, "a party must, without awaiting a discovery request, provide . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26 (a)(1)(A)(i). Rule 26(e) governs the parties' continuing obligation to supplement its Rule 26(a) initial disclosures and discovery responses. That rule provides:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

Fed. R. Civ. P. 26(e)(1). The key to supplementation is whether "the additional or corrective information has not otherwise been made known to the other parties." *Id.* If it has, the producing party need not supplement its discovery responses under the Rules. *Id.*

"In order to qualify under the 'otherwise been made known' language, the 'alleged disclosure must be clear and unambiguous.'" *Cap. Health Sys., Inc. v. Veznedaroglu*, No. 15-8288, 2020 WL 13551439, at *3 (D.N.J. Sept. 9, 2020) (quoting *Pfizer v. Teva*, No. 04-754, 2006 WL 2938723, at *3 (D.N.J. Oct. 13, 2006)), *aff'd*, 2021 WL 1712539 (D.N.J. Apr. 30, 2021).  In other words, "it must be quite clear to the other side that the witness exists, has relevant knowledge, and may be called at trial."  *Beemac, Inc. v. Republic Steel*, No. 20-1458, 2023 WL 5301007, at *2 (W.D. Pa. June 21, 2023).  "The determination of whether an alleged disclosure satisfies the otherwise made known requirement is ultimately fact and case specific."  *Cap. Health Sys.*, 2020 WL 13551439, at *3 (citing *Eli Lilly & Co. v. Actavis Elizabeth LLC*, No. 07-3770, 2010 WL 1849913, at *4 (D.N.J. May 7, 2010)); *see also Pac-W. Distrib. NV LLC v. AFAB Indus. Servs., Inc.*, No. 19-3584, 2023 WL 3952347, at *2 (E.D. Pa. June 12, 2023) (noting that "[r]ational evaluation of real[-]life circumstances can and does enter the picture" when considering whether a witness has otherwise been made known to the opposing party).  Ultimately, "the analytical threshold for determining whether there has been a disclosure violation is whether the opposing party had meaningful notice to prepare its case."  *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 615, 617 (D. Nev. 2020); *Sequeiros v. Latam Airlines Grp., S.A.*, No. 20-435, 2022 WL 2132675, at *1 (E.D.N.Y. May 24, 2022) (citing cases for the principle that the duty to supplement does not elevate "form over substance").

"A majority of courts and the Advisory Committee Note to Rule 26 agree . . . that the identity or knowledge of an individual can satisfy the otherwise made known standard if it is disclosed through deposition testimony."  *Cap. Health Sys.*, 2020 WL 13551439, at *3 (citing *Eli Lilly & Co.*, 2010 WL 1849913, at *3); *see* Fed. R. Civ. P. 26(e) advisory committee's note to 1993 amendment ("There is, however, no obligation to provide supplemental or corrective information

that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition . . . ."); *see also* 8A Charles A. Wright, et al., *Federal Practice and Procedure* § 2049.1 (3d ed. Apr. 2023 Supp.) ("[T]here is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery."); *Buffone v. Rosebud Rests., Inc.*, No. 05-5551, 2006 WL 2425327, at *3-4 (N.D. Ill. Aug. 21, 2006) (stating that "[t]his court has repeatedly held that parties need not supplement Rule 26(a)(1) disclosure of a witness, if the witness is identified during deposition[,]" and collecting cases holding same); *Shimozono v. May Dep't Stores Co.*, No. 00-4261, 2002 WL 34373490, at *18 (C.D. Cal. Nov. 20, 2002) (noting that the disputed witness was identified during a deposition and observing that "[i]f [p]laintiff does not know the content of [the witness'] potential testimony it is because they failed to depose or attempt to depose the witness"). These authorities are in accord with the general principle that Rule 26(e)(1) must not be "construed 'in a manner that puts form over substance.'" *Sequeiros*, 2022 WL 2132675, at *1 (quoting *V5 Techs.*, 334 F.R.D. at 617).

In *Holley v. Port Authority of New York*, No. 14-7534, 2018 WL 11413338, at *1 (D.N.J. May 3, 2018), the defendants challenged the inclusion of twenty-three proposed trial witnesses in the joint pretrial order because plaintiff did not name them in their initial disclosures or discovery responses. The court first noted that defendants themselves had named seventeen of these witnesses in their own Rule 26 disclosures or in their pretrial order witness list and held that any alleged failure by the plaintiff  could "hardly have caused 'surprise' to [d]efendants," as the defendants "were clearly aware of [the witness'] identities and potential relevance to the dispute at hand since the early stages of litigation." *Id.* at *3. As for the remaining six witnesses, the court held that they had "otherwise been made known" to the defendants because "the significance of

these individuals to this case is sufficiently clear from the record," where the witnesses were named at depositions, in an expert report, and in other discovery. *Id.* at *5.

Here, the Court finds that, although Defendant could have supplemented its Rule 26 disclosures or interrogatory responses to identify Bongrazio by name, Bongrazio's identity was otherwise made known to Plaintiffs, thereby obviating Defendant's obligation to supplement under the Rules. Given that Plaintiff's counsel himself raised Bongrazio's involvement in this case at Burns' deposition, the Court finds that it was "quite clear to [Plaintiff] that the witness exist[ed], ha[d] relevant knowledge, and may be called at trial." *Beemac, Inc.*, 2023 WL 5301007, at *2. To be sure, Plaintiff "had meaningful notice to prepare its case." *V5 Techs.*, 334 F.R.D. at 617. The Court also finds it persuasive that Bongrazio's role was a topic during Burns' deposition, which occurred before the close of fact discovery. *See Cap. Health Sys.*, 2020 WL 13551439, at *3 (citing *Eli Lilly & Co.*, 2010 WL 1849913, at *3). Plaintiff had ample opportunity to notice Bongrazio's deposition before the close of fact discovery but chose not to. In other words, Plaintiff could have met the deadlines set forth in the Amended Scheduling Order if it had exercised reasonable diligence. *See Nike, Inc.*, 2019 WL 5206073, at *3 (citations omitted). Accordingly, the Court finds that Plaintiff has failed to establish good cause to reopen fact discovery, and Plaintiff's motion is **DENIED.**

**CONCLUSION**

For the foregoing reasons, Plaintiff's application to reopen discovery is **DENIED**. The Court's Order granting the joint oral application of the parties to extend fact discovery, ECF No. 44, is **VACATED**. An appropriate Order shall follow.

s/ Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc: Hon. Renée M. Bumb, U.S.D.J.

8